```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
──────────────────────────────────────

ISMAEL RAY ROLDAN,                          13-CV-6889 (JGK)

             Plaintiff,             MEMORANDUM OPINION AND
                                            ORDER
    - against -

DR. SANG KANG and
CAROLYN E. DAVIS,

             Defendants.

──────────────────────────────────────

JOHN G. KOELTL, District Judge:

    The plaintiff, Ismael Roldan, brings this action against the defendants, Dr. Sang Kang and Carolyn Davis. Roldan, a pro se inmate, alleges that his rights under the Eighth Amendment of the United States Constitution were violated when his medication was not discontinued, and when his reasons for taking the medication were incorrectly noted on his mental health record. He brings this action pursuant to 42 U.S.C. § 1983. This Court has jurisdiction. See 28 U.S.C. §§ 1331, 1343. The defendants now move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the defendants' motions are **granted** and the plaintiff's claim is **dismissed**.

                                                       I.

    In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all

reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.; see also Villar v. Ramos, No. 13-CV-8422 (JGK), 2015 WL 3473413, at *1 (S.D.N.Y. June 2, 2015).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of

which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Villar, 2015 WL 3473413 at *1.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted). "Even in a pro se case, however,. . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Rush v. Fischer, 923 F. Supp. 2d 545, 548-49 (S.D.N.Y. 2013); Villar, 2015 WL 3473413 at *1.

Defendants Kang and Davis have made separate motions to dismiss the Amended Complaint against them. The plaintiff has not filed any responsive papers, and the time to file any response has passed.

**II.**

The following factual allegations drawn from the plaintiff's Amended Complaint are accepted as true for purposes of this motion to dismiss.

From approximately July 1, 2010 to April 27, 2011, the plaintiff, a prisoner at Rikers Island Correctional Facility ("Rikers"), suffered from depression and was prescribed the medication Risperdal by the defendant, Dr. Kang. Am. Compl. at 2. Shortly after taking Risperdal, the plaintiff experienced periods of confusion and dizziness, during which the plaintiff would not understand anything happening around him. Id. He engaged in fights and accepted a plea agreement that he alleges he otherwise would not have accepted, if not for the drug's influence. Id. At some point, Dr. Kang allegedly "became aware" of the plaintiff's symptoms, but did not discontinue the prescription. Id. Roldan allegedly continued taking the medication, and therefore continued experiencing the unwanted side effects. Id.

After Roldan was transferred to state custody at the Downstate Correctional Facility ("Downstate"), the defendant Carolyn Davis allegedly informed him that Risperdal should never have been prescribed. Id. at 2. Davis allegedly told Roldan that this medication could "really mess [him] up." Id. Davis did not record this conversation on the plaintiff's mental health

4

record, but noted that he was taking Risperdal to help himself in his criminal case. Id. at 2-3. The plaintiff alleges that this report made him look like a "lying, manipulative individual who abuses . . . the health care system for malintent [sic] and personal gain, [thereby] obstructing any possibility . . . of receiving fair and adequate psychiatric care." Id.

### III.

#### A.

The defendants argue that the plaintiff fails to allege any constitutional violation against them.

To state a claim under § 1983, a plaintiff must allege that the defendants, while acting under color of state law, denied the plaintiff a constitutional or federal statutory right. See West v. Atkins, 487 U.S. 42, 48 (1988); Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). The Eighth Amendment's prohibition against cruel and unusual punishments has been construed to include the denial of adequate medical care to prison inmates. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, a generalized claim that an inmate was denied access to medical treatment is not enough. See Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 309 (S.D.N.Y. 2001). In order to allege an Eighth Amendment violation on the basis of a failure to provide adequate medical treatment, a prisoner must plausibly allege

5

that the charged officials were deliberately indifferent to the prisoner's serious medical needs. See Estelle, 429 U.S. at 106; Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Rush, 923 F. Supp. 2d at 554; see also Villar, 2015 WL 3473413, at *3.

Here, there is no dispute that the defendants were acting under the color of state law. The question is whether the plaintiff plausibly alleged that the defendants were deliberately indifferent to the plaintiff's serious medical needs.

At the outset, it is unclear whether the plaintiff was being held pre-trial or post-conviction throughout the time of the alleged events. A plaintiff can only assert an Eighth Amendment claim after conviction. Prior to that time, claims concerning conditions of confinement arise under the Due Process clauses of the Fifth or the Fourteenth Amendment. In Kingsley v. Hendrickson, 135 S. Ct. 2466, 2470, 2476 (2015), the Supreme Court recently distinguished between Eighth and Fourteenth Amendment excessive force claims. To succeed on a Fourteenth Amendment Due Process claim for excessive force, a pre-trial detainee need only show that the use of force was objectively unreasonable. Id. at 2470. Conversely, a successful suit by a prisoner for violation of the Eighth Amendment's Cruel and Unusual Punishments Clause consists of two elements. The first element is objective and requires that the prisoner allege an

6

"objectively unreasonable use of force." Id. at 2473. The second element is subjective and requires that the prisoner allege that the charged official acted with a sufficiently culpable state of mind. In Kingsley, the Supreme Court stated that it understood that its conclusion that "an objective standard is appropriate in the context of excessive force claims brought by pretrial detainees pursuant to the Fourteenth Amendment may raise questions about the use of a subjective standard in the context of excessive force claims brought by convicted prisoners," but it found no reason to address the issue. Id. at 2476.

The Second Circuit Court of Appeals has acknowledged that the distinction outlined in Kingsley applies to excessive force claims under § 1983, but has not addressed the possible implications of Kingsley for claims of deliberate indifference to medical needs that are brought by pre-trial detainees. See Ross v. Corr. Officers John & Jane Does 1-5, 610 F. App'x 75, 76 n.1 (2d Cir. 2015) (summary order). In this case, the plaintiff's claim is one for deliberate indifference to medical needs and not for the use of excessive force. It is unnecessary in this case to decide whether a subjective component is still required for a deliberate indifference to medical needs claim under either the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment because it is clear that the plaintiff has failed to allege a sufficiently serious deprivation of

7

medical care that would satisfy the objective prong of violation of either Amendment. See Colbert v. Gumusdere, No. 15-CV-1537 (LTS)(DCF), 2016 WL 1181726, at *4 n.4 (S.D.N.Y. Mar. 25, 2016); see also Goris v. Breslin, 402 F. App'x 582, 584 (2d Cir. 2010) (summary order) ("[W]e need not reach the subjective prong, because [the plaintiff] has failed to demonstrate that the alleged deprivation was 'sufficiently serious' as an objective matter to be actionable under the Eighth Amendment.").

With respect to pleading an objective deprivation, a deprivation is deemed serious if "a condition of urgency, one that may produce death, degeneration, or extreme pain" exists. Simpson v. Oakes, No. 15-635-pr, 2016 WL 791088, at *1 (2d Cir. Mar. 1, 2016)(summary order)(citing Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)); see also Villar, 2015 WL 3473413, at *3. Here, the plaintiff alleges that because Dr. Kang did not discontinue the medication, the plaintiff was forced to continue experiencing confusion and dizziness. Am. Compl. at 3. Such ailments have not been considered urgent under the objective prong of deliberate indifference analysis. See, e.g., Qader v. New York, 396 F. Supp. 2d 466, 470 (S.D.N.Y. 2005) (stating that dizziness does not satisfy the objective component); see also Hernandez v. Keane, 341 F.3d 137, 149 (2d Cir. 2003)(malpractice is not actionable under Section 1983); Gonzalez v. Wright, 665 F. Supp. 2d 334, 348 (S.D.N.Y. 2009) (dismissing a claim for

inadequate medical care because the facts alleged "[a]t most . . . would tend to show that defendants were inept, which is to say, that they committed malpractice. Once again, malpractice is not actionable under Section 1983."). Therefore, on the facts alleged, Dr. Kang's failure to discontinue the plaintiff's medication does not constitute an objective deprivation of medical care sufficient for a constitutional claim. Accordingly, the plaintiff's Section 1983 claim against Dr. Kang is dismissed.

**B.**

The plaintiff also argues that Davis' erroneous record entry violated his constitutional rights.

The plaintiff's allegations of confusion and disorientation are not urgent enough conditions such that the alleged deprivation of medical care is "sufficiently serious." See, e.g., Qader, 396 F. Supp. 2d at 470. Davis' statement that Risperdal could "mess [the plaintiff] up," Am. Compl. at 3., without any other facts alleging denial of care, is not sufficient to show any deprivation, let alone a serious one. Moreover, Davis' allegedly incorrect notation in the plaintiff's mental health record did not lead to any injury. To the extent the plaintiff alleged that the notation was "malicious" and "deliberate[]," and that it would "obstruct[] any possibility"

9

of future adequate psychiatric care, such allegations are conclusory. Id.

Although the Court is "obligated to draw the most favorable inferences" that a pro se complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Chavis, 618 F.3d at 170. Conclusory statements and mere recitation of the elements of a cause of action are not sufficient to survive a motion to dismiss. See id. Here, the facts that are pleaded are either insufficient or conclusory, and thus fail to state a claim for an objective deprivation of medical care. Accordingly, the plaintiff's Section 1983 claim against defendant Davis based on Davis' notation in the plaintiff's medical record is dismissed.

c.

Davis argues that the plaintiff fails to allege plausible facts showing her involvement in any constitutional violation by Kang. Because the Amended Complaint fails to plead any cause of action against Kang, even involvement with Kang would not state a claim.

In any event, the Amended Complaint contains no factual allegations that Davis prescribed Risperdal for Roldan after his transfer to Downstate, that Davis was involved in Kang's decision at Rikers to prescribe the medication, or that Davis and Kang communicated at any point during the period in

question. Therefore, the plaintiff has failed to allege any plausible facts showing Davis' involvement with conduct ascribed to Kang.

**D.**

Because the Amended Complaint fails to plead any cause of action against Davis, it also follows that she is entitled to qualified immunity.

There is no allegation that Davis violated a clearly established constitutional right. Defendants are entitled to qualified immunity from civil suits arising from performance of their discretionary functions so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818(1982). Whether an official may invoke qualified immunity "generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' " when the action was taken. Anderson v. Creighton, 483 U.S. 635, 639 (1987)(citing Harlow, 457 U.S. at 818-19). The pertinent inquiry is how a reasonable official in the defendant's position would respond. See Cartier v. Lussier, 955 F.2d 841, 843 (2d Cir. 1992); Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Joyner v. Greiner, 195 F. Supp. 2d 500, 507-08 (S.D.N.Y. 2002).

Davis' allegedly inaccurate record entry could not be considered an unreasonable action by Davis that rises to the level of a constitutional violation. There is no clearly established law that makes an inaccurate entry in a mental health record a constitutional violation. The complaint also does not allege that Davis knew or disregarded an excessive or ongoing risk to the plaintiff's healthy and safety.

**E.**

The defendants also argue that the plaintiff's request for recovery is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

No federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. Id. § 1997e(e); see also Bowden v. Duffy, No. 13-CV-717 (JGK), 2014 WL 338786, at *5 n.2 (S.D.N.Y. Jan. 30, 2014). Depression and dizziness do not qualify as "actual physical injury" under § 1997e(e). See Smith v. City of New York, No. 14-CV-443 (LTS)(KNF), 2015 WL 1433321, at *9 (S.D.N.Y. Mar. 30, 2015). Here, aside from confusion and disorientation, the plaintiff alleges that as a result of the medication, he entered into a guilty plea. Am. Compl. at 3. He also claims to have suffered ongoing mental anguish and emotional pain as a result of his depression. Id. None of these alleged facts indicate that he sustained physical injuries.

Therefore, the plaintiff's claims should also be dismissed for failure to allege physical injury.

**F.**

The defendants also argue that the plaintiff may not recover for any injuries stemming from the guilty plea into which he allegedly entered while under the influence of his medication.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a § 1983 plaintiff must generally prove that the conviction or sentence had been reversed, expunged, declared invalid, or called into question by a federal habeas corpus proceeding. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Amaker v. Coombe, No. 96-CV-1622 (JGK), 2002 WL 523388, at *17 (S.D.N.Y. Mar. 29, 2002). Here, the plaintiff has not alleged any facts indicating that his conviction has been reversed, expunged, declared invalid, or otherwise called into question. For this reason, the claims that the defendants' actions led him to plead guilty must be dismissed.

**IV.**

The defendants also request that the Court decline to exercise supplemental jurisdiction over any state-law medical

13

malpractice claims, to the extent that they may be construed from the Amended Complaint.

A district court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). When all federal claims are eliminated before trial, the balance of factors to be considered—including judicial economy, convenience, fairness, and comity—typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims. Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122-24 (2d Cir. 2006). Having dismissed all of the claims over which this Court has original jurisdiction, declining to exercise supplemental jurisdiction over any state-law claims is appropriate at this early stage in the litigation. See, e.g., Elgendy v. City of New York, No. 99-CV-5196 (JGK), 2000 WL 1119080, at *6 (S.D.N.Y. Aug. 7, 2000) (declining to exercise supplemental jurisdiction over state-law claims after granting the defendant's motion to dismiss the federal claims); see also Chen v. Major League Baseball, 6 F. Supp. 3d 449, 460-61 (S.D.N.Y. 2014), aff'd, 798 F.3d 72 (2d Cir. 2015). Accordingly, to the extent that the Amended Complaint may be construed to allege any state-law medical malpractice claims, the Court declines to exercise supplemental jurisdiction.

V.

Finally, defendant Kang requests that the Court stay discovery pending adjudication of his motion to dismiss. Because the Court has granted the defendants' motion to dismiss the complaint, the request to stay discovery is denied as moot.

CONCLUSION

The Court has considered all the parties' arguments. To the extent not specifically addressed above, the parties' arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss the Amended Complaint is granted. **The Clerk is directed to close all pending motions, and to close this case.**

**SO ORDERED.**

**Dated:    New York, New York**
          **September 5, 2016**

_____/s/_____

**John G. Koeltl
United States District Judge**